IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS D. RUSCITTO and<br>CAROL A. RUSCITTO,<br>    Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | Civil Action No. 11-824<br><br>Magistrate Judge Robert C. Mitchell |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

### RECOMMENDATION

Upon consideration of Defendant's Motion to Dismiss [ECF No. 55], for the reasons stated below, it is respectfully recommended that Defendant's Motion be granted as to Plaintiff Carol Ruscitto. It is respectfully recommended that Plaintiff's, Carol Ruscitto's, claim to recover trust fund tax penalties and related interest assessed against her husband, Plaintiff Louis Ruscitto, for the taxable periods ended September 30, 2005, December 31, 2005, and March 31, 2006 should be dismissed with prejudice. It is further respectfully recommended that Plaintiff's, Carol Ruscitto's, claims that she is entitled to relief as an "injured" and "innocent" spouse be dismissed with prejudice.

### REPORT

### I. INTRODUCTION

Currently pending before the Court is Defendant's, the United States of America's, Motion to Dismiss [ECF No. 55] Plaintiff's Second Amended Complaint [ECF No. 23] pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

1

## II. BACKGROUND

Plaintiffs, Louis D. Ruscitto and Carol A. Ruscitto, husband and wife, have filed a Second Amended Complaint to recover tax penalties and related interest assessed against Mr. Ruscitto by the Internal Revenue Service ("IRS") for the taxable periods ended September 30, 2005, December 31, 2005, and March 31, 2006 ("trust fund recovery claim"). Plaintiffs also seek to recover federal income tax refunds alleged to be due to them for the tax year ended December 31, 2003.[1] In their Second Amended Complaint, Plaintiffs claim that Mrs. Ruscitto is entitled to relief as an "innocent" and/or "injured" spouse for the 2003 refund. Sec. Am. Compl. [ECF No. 23] at ¶¶ 21-22.

    a. <u>Plaintiffs' Trust Fund Recovery Claim</u>

Mr. Ruscitto is the President and Chief Executive Officer of A&L, Inc. Aff. of Louis Ruscitto at ¶ 1 [ECF No. 23-7].[2] The Plaintiffs assert that under 26 U.S.C. §6672, Mr. Ruscitto was assessed a civil tax penalty as a "responsible person" relating to A&L in the amount of $389,986.44 for the taxable periods ended September 30, 2005, December 31, 2005, and March 31, 2006. Sec. Am. Compl. [ECF No. 23] at ¶ 9. Plaintiffs contend that during the tax periods at issue, the financial functions of A&L were completely controlled by Safeco Insurance Company, not the Plaintiffs, and as such, they had no duty, nor the ability to pay over the withholding tax of A&L during those tax periods. *Id*. at ¶ 25.

---

[1] Defendant had previously sought dismissal of Plaintiffs' joint claim for an income tax refund of the year ended 2003 and ultimately that motion was voluntarily withdrawn. *See* Mot. to Dis. [ECF No. 24]. In this Motion, Defendant does not seek dismissal of this claim and it will not be addressed by the Court.

[2] Employers are required to withhold federal income taxes and social security taxes from their employees' wages, and to hold such monies in trust for the United States. *McCloskey v. United States*, 2009 WL 2970123, at *3 (W.D.Pa. Sept. 15, 2009) (citing 26 U.S.C. §§3102, 3402, 7501). Employers are obligated to remit these withheld sums to the IRS on a quarterly basis. *Id*. The IRS must credit employees for the withheld taxes regardless of whether the employer actually remits payment of these funds. *McCloskey*, 2009 WL 2970123, at *3 (citing *In re RIBS-R-US, Inc.*, 828 F.2d 199, 200 (3d Cir. 1987)). To ensure employer compliance, Congress enacted 26 U.S.C. §6672 which imposes a penalty of personal liability on responsible persons who willfully fail to turn over the withholding taxes to the IRS. *McCloskey*, 2009 WL 2970123, at *3 (citing 26 U.S.C. §6672(a)).

On June 17, 2009, Mr. Ruscitto filed three Form 843s with the IRS, requesting a total combined tax refund of $389,896.44 and abatement of the balance and interest thereon. *Id.* at ¶ 13. On June 24, 2009, Mr. Ruscitto's claim for a refund and abatement was denied. *Id.* at ¶ 14. Due to the IRS' denial of the refund and abatement of the civil tax penalty assessed against him as an alleged "responsible person" related to A&L, Plaintiffs seek judgment in the amount of $389,896.44 and abatement of the penalties and interest thereon. *Id.* at ¶¶ 25, 26.

Defendant acknowledges that Mr. Ruscitto may challenge the trust fund recovery penalties, because he was assessed with the penalties, filed administrative claims for refund, and had those claims denied. *See* Def.'s Br. in Supp. of Mot. to Dis. [ECF No. 56] at 1-2. However, Defendant moves to dismiss the trust fund recovery claim of Mrs. Ruscitto pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. to Dis. [ECF No. 55] at 1. Defendant argues that the Court lacks subject matter jurisdiction over Mrs. Ruscitto as she seeks a refund of tax penalties that were assessed against someone else, i.e., her husband, and she failed to exhaust her administrative remedies. *Id.* For these same reasons, Defendant contends that Mrs. Ruscitto fails to state a viable claim, as she does not allege that she exhausted her administrative remedies, nor has she set forth facts which would entitle her to relief. *Id.*

 b. <u>Plaintiff's 2003 Income Tax Refund Claim</u>

In 2004, Plaintiffs jointly filed their 2003 Treasury Form 1040 for the December 31, 2003 taxable year. *Id.* at ¶ 15. In that taxable year, Plaintiffs claimed a tax refund of approximately $86,854. *Id.* In 2007[3], Plaintiffs jointly filed an amended 2003 Treasury Form 1040X claiming a carryback loss for the 2003 tax year, and claimed a joint tax refund of approximately $434,293. *Id.* at ¶ 16. Plaintiffs allege that Defendant either offset or failed to pay the 2003 refund. *Id.* at ¶

---

[3]  Although Plaintiffs' Second Amended Complaint alleges that the 1040X claim for refund was filed in 2009, upon review of the Form 1040X, the preparer's signature is dated November 25, 2007. *See* Form 1040X [ECF No. 23-4].

11. Plaintiffs claim that at least $268,121 of the $434,293 claimed refund was paid jointly by them, and their filing of a 2003 Form 1040X constituted an administrative claim for both of them. *Id*. at ¶¶ 18-19. Plaintiffs filed the instant action on June 21, 2011. In October, 2012, Mrs. Ruscitto filed a Form 8379 asserting a claim for injured spouse relief as to the 2003 tax refund. In December 2012, the IRS denied her claim for injured spouse relief stating the payments had already been applied. 12/17/2012 Letter from IRS, [ECF No. 59-3].

### III.  STANDARD OF REVIEW

#### a. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to 12(b)(1) "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). If the defendant attacks the legal sufficiency of the claim, as here, it is considered a facial attack, and the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id*. Alternatively, an attack based on the sufficiency of a jurisdictional fact is considered a factual challenge, and "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Grp. Intern. v. Oriental Rug Importers*, 227 F.3d 62, 69 (3d Cir. 2000).

#### b. Federal Rule of Civil Procedure 12(b)(6)

To determine whether dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint and in making this determination, a court must read the complaint in the light most favorable to the plaintiff and all factual allegations must be taken for their veracity. *Estelle v. Gamble*, 429 U.S. 97, 99 (1976). The court is to draw all reasonable

inferences from all "well-pleaded" allegations contained in the complaint. *Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). In determining whether a plaintiff has met this standard, the reviewing court is to ignore legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements[,]" . . . "labels and conclusions[,]" and "naked assertions [that are] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citations omitted). Thus, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

A party "may supplement the complaint by adding exhibits such as public records and other indisputably authentic documents underlying the plaintiff's claims" without converting a motion to dismiss into a motion for summary judgment. *Sentinel Trust Co. v. Universal Bonding Ins.*, 316 F.3d 213, 216 (3d Cir. 2003).

IV. ANALYSIS

a. Innocent Spouse Claim

As a preliminary matter, Plaintiffs have abandoned their claim that Mrs. Ruscitto is an "innocent spouse."[4] Therefore, the Court will not address this issue and respectfully recommends that the Defendant's Motion to Dismiss be granted in this respect, and that Mrs. Ruscitto's claim for innocent spouse relief be dismissed with prejudice.

b. Trust Fund Recovery Claim

Mrs. Ruscitto's claim to recover trust fund tax penalties assessed against her husband for the taxable periods ended September 30, 2005, December 31, 2005 and March 31, 2006 should

---

[4] *See* Pl.'s Response Brief [ECF No. 59] at 2 (". . . [T]here does not at this time appear to be any underpayment of income tax [under the provision of the Internal Revenue Code pertaining to innocent spouse relief]. Therefore, the Plaintiffs will not be pursuing innocent spouse relief in this action.").

be dismissed with prejudice because she has failed to exhaust her administrative remedies as mandated by the Internal Revenue Code.

Where the government waives sovereign immunity, it is fundamental that "no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued." *Culpepper-Smith v. United States*, 1998 WL 544964, at *5 (E.D.Pa. 1998) (citations omitted). *See also Chocallo v. I.R.S. Dept. of Treasury*, 2005 WL 2008987, at *2 (3d Cir. 2005) ("When the government consents to be sued, but consents on the condition that the suit is to be brought within a specific statute of limitations or after the exhaustion of administrative remedies, the court's jurisdiction is limited by the terms of consent."). Section 7422(a) of the Internal Revenue Code states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . *until a claim for refund or credit has been duly filed with the Secretary* [.] . . ." 26 U.S.C. §7422(a) (emphasis added).

On June 17, 2009, Mr. Ruscitto filed three Form 843's with the Internal Revenue Service, claiming a total combined tax refund of $389,896.44 and abatement of the balance in connection with the trust fund tax penalties assessed against him. Sec. Am. Compl. [ECF No. 23] at ¶ 13. The IRS subsequently denied Mr. Ruscitto's claim for refund and abatement on June 24, 2009. *Id*. at ¶ 14. Plaintiffs have never alleged nor shown in any of their pleadings that Mrs. Ruscitto submitted a refund claim as to the trust fund tax penalties assessed against her husband. Therefore, because Mrs. Ruscitto has failed to exhaust her administrative remedies pursuant to 26 U.S.C. §7422(a), the Defendant's Motion to Dismiss Mrs. Ruscitto's trust fund recovery claim should be granted.

    c. <u>Injured Spouse Claim</u>

In general, "injured spouse" relief occurs "in situations where the IRS attempts to use an overpayment due under a joint return of a husband and wife to offset a separate and independent liability owed to the government by one of the spouses. An injured spouse claim allows the non-indebted spouse to receive his or her share of the overpayment **before** the offset is made." *Barker v. United States*, 2006 WL 2472656, at *2 n. 1 (Fed. Cl. 2006) (emphasis added). *See also* 26 C.F.R. §301.6402-6.

26 U.S.C. §6511(a) limits the time in which a taxpayer can file a claim for refund. It provides:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. §6511(a).

To maintain a claim for "injured spouse" relief, a claimant is required to submit a "Form 8379" ("Injured Spouse Claim and Allocation") to the Internal Revenue Service, requesting his or her respective portion of the refund. *See* 26 U.S.C. §6402(c)-(e) (Instructions to IRS Form 8379); *Hall-Ditchfield v. United States*, 2008 WL 2381533, at *2 (E.D.Pa. June 10, 2008) (court discussed it was appropriate for an alleged injured spouse to submit a Form 8379 to recover a refund), *aff'd*., 366 Fed.App'x. 391 (3d Cir. 2010); *Wade v. United States*, 865 F.Supp. 216, 217 (D.N.J. 1994) (same).

In *Hall-Ditchfield*, the plaintiff-wife filed suit against the United States alleging injured spouse relief where the IRS withheld tax refunds that would have otherwise been refunded to the couple and applied it to back federal taxes that the husband, but not the wife, owed for the

7

applicable taxable years. *Hall-Ditchfield*, 2008 WL 2381533, at *1. The IRS withheld refunds for three taxable years, 1999, 2000, and 2001, and applied it to the husband's back taxes. *Id*. The wife-plaintiff alleged she was entitled to injured spouse relief because the taxable years that the IRS withheld the refund, she was the sole source of marital income. *Id*. In April 2005, the wife-plaintiff filed three copies of Form 8379, for each applicable tax year, and requested return of overpaid tax. In response, the IRS stated that the plaintiff failed to file the forms within the three-year statute of limitations period and denied her claim as to those tax years. *Id*. Applying 26 U.S.C. §6511(a) to determine whether her claim was timely, the Court explained:

> The plaintiff alleges that she filed her Forms 8379 with the IRS on April 23, 2005, and she attaches those forms. A claim filed on that date would be timely if the tax return at issue [was] filed any time on or after April 23, 2002, or the tax [was] paid any time on or after April 23, 2003.

*Id*. at *5. The Court held that because plaintiff filed her tax returns outside of the time required by 26 U.S.C. §6511(a), she was time barred from bringing an injured spouse claim and dismissed her claim with prejudice. *Id*.

As to Mrs. Ruscitto's claim for injured spouse relief, the Second Amended Complaint filed November 11, 2011 merely states, "[i]n addition to her income tax refund claim, Plaintiff Carol A. Ruscitto is also an injured spouse as that term is defined under the Code." Sec. Am. Compl. at ¶21. Before the Ruscitto's filed suit, Mrs. Ruscitto had not filed the requisite Form 8379 alleging injured spouse relief. Rather, she filed a Form 8379 on October 1, 2012 with regard to the 2003 tax refund, some 16 months after filing suit. In the Form 8379, she requested the IRS allocate $189,041 of the $434,293 Form 1040X income tax refund to her as an injured spouse. Pl.'s Resp. Br. [ECF No. 59] at 1. Ultimately, the IRS refused to consider her injured

spouse relief stating that the refunds had already been applied.[5] 12/17/2012 Letter from IRS [ECF No. 59-3].

For Mrs. Ruscitto to adequately allege that she was entitled to injured spouse relief, a claim filed on October 1, 2012 would be timely if the tax return at issue was filed on or after October 1, 2009, or the tax was paid any time on or after October 1, 2010. It is clear that the taxable year at issue in her injured spouse claim is for the 2003 taxable year. Mrs. Ruscitto's injured spouse claim is therefore untimely and the Court lacks jurisdiction under 26 U.S.C. §6511(a).

Therefore, we respectfully recommend that Mrs. Ruscitto's claim for injured spouse relief be dismissed with prejudice.

## V. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendant's Motion to Dismiss the claims of Carol Ruscitto be granted. It is specifically respectfully recommended

---

[5] Although Plaintiffs argue "Under §7422 of the Internal Revenue Code . . . the injured spouse allocation is not a separate administrative claim," Plaintiffs' contention is wholly devoid of any authority. Nor do Plaintiffs provide any authority supporting the contention that a claim for injured spouse relief can be filed with the IRS after filing suit with the district court. To the contrary, the Court has found no case in which a Form 8379 was submitted after suit was filed in district court. In the cases surveyed by the Court that determined a taxpayer's claim to injured spouse relief, the Form 8379 was submitted before filing suit or contemporaneous with the filing of the refund claim. *See Barker v. United States*, 2006 WL 2472656, at *1 (Form 8379 filed in October 2004, suit filed with district court in October 2005); *Wynne v. United States*, 306 F.Supp.2d 660, 667 (N.D.Tex. 2004) (Form 8379 filed September 2000, suit filed with district court in March 2003); *Bowers v. United States*, 1995 WL 835409, at *2 (E.D.Wis. Dec. 4, 1995) (Form 8379 filed with 1994 income tax return, suit filed with district court in May 1995); *Wade v. United States*, 865 F.Supp. at 217, 221 (Form 8379 filed before initiation of district court suit). Due to the complete lack of authority of Plaintiffs' assertion, the Court finds no reason to distinguish an "allocation" from a "claim for refund." Moreover, authority suggests that a request for injured spouse relief must be made within the time frames set forth in 26 U.S.C. §6511(a). *See Hall-Ditchfield*, 2008 WL 2381533, at *3 -*5 (dismissing plaintiff's injured spouse claim with prejudice for failure to conform to 26 U.S.C. §6511(a)); Internal Revenue Service, Instructions for Form 1040X (Rev. Dec. 2012) Cat. No. 11362H, *available at* http://www.irs.gov/pub/irs-pdf/i1040x.pdf. ("**Do not** file Form 1040X for an injured spouse claim. Instead, file Form 8379, Injured Spouse Allocation.") (emphasis in original); Internal Revenue Service, Instructions for Form 8379 (Rev. Nov. 2012) Cat. No. 52888M, *available at* http://www.irs.gov/pub/irs-pdf/I8379.pdf. ("By filing Form 8379, the injured spouse may be able to get back his or her share of the joint **refund**.") (emphasis added); 34 Am.Jur.2d Fed. Tax. ¶70804 (characterizing an injured spouse allocation Form 8379 as a "refund"). Likewise, any argument for equitable tolling does not avail Plaintiffs' claims. *See United States v. Brockamp*, 519 U.S. 347 (1997) (suits by taxpayers under §6511 are not subject to equitable tolling because statute's time requirements are jurisdictional and Congress did not intend to provide equitable tolling).

that Plaintiff's, Carol Ruscitto's, claim to recover trust fund tax penalties and related interest assessed against her husband, Plaintiff Louis Ruscitto, for the taxable periods ended September 30, 2005, December 31, 2005, and March 31, 2006 be dismissed with prejudice and it is further respectfully recommended that Plaintiff's claim for injured and innocent spouse relief be dismissed with prejudice.

Parties who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal. Any party opposing written objections shall have seven (7) days from the date of service of objections to respond thereto.

Dated: April 8, 2013

By the Court,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: All attorneys of record via CM-ECF