IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS D. RUSCITTO and <br> CAROL A. RUSCITTO, <br>     Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br>     Defendant. | Civil Action No. 11-824 |

**<u>MEMORANDUM ORDER</u>**

On June 21, 2011, plaintiffs Louis D. Ruscitto and Carol A. Ruscitto ("plaintiffs") filed a complaint, later amended on September 14, 2011 and again on November 30, 2011. The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §§636(b)(1)(A) and (B), and Rules 72(C)(1) and 72(C)(2) of the Local Rules for Magistrate Judges.

On April 8, 2013, the magistrate judge filed a Supplemental Report and Recommendation ("R&R") [ECF No. 66], recommending that the motion to dismiss filed by defendant, United States of America [ECF No. 55] be granted.

Service of the R&R was made on the parties, and plaintiffs filed objections [ECF No. 67] on April 19, 2013. On April 26, 2013, defendant filed a response to plaintiffs' objections. [ECF No. 68].

In their objections, plaintiffs raise two alternative arguments alleging errors in the R&R, to which defendants responded. Specifically, plaintiffs object to the dismissal of the injured spouse claim on the ground that the seven-year statute of limitations under 26 U.S.C. §6511(d) relating to bad debts and worthless securities applies, or alternatively, that the IRS "never issued

1

the required Notices of Offset to the Ruscittos for the 2003 tax year" such that the statute of limitations never began to run. Pls.' Obj. [ECF No. 67] at 1-2.

Plaintiffs' arguments are raised for the first time in their objections, and are necessarily waived. *Bell v. City of Harrisburg*, 457 F.App'x 164, 167 (3d Cir. 2012) (issued waived when "merely raised" in briefing and not substantively raised prior to objecting to it in the Magistrate Judge's Report and Recommendation); *see Laborer's Int'l Union of North America v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).

Additionally, plaintiffs do not allege in their complaint that the statutory period of 26 U.S.C. § 6511(d)(1) applies due to "bad debts and/or worthless securities;" rather, plaintiffs attached an affidavit to their objections to the R&R stating that in 2003, they incurred "bad debts and/or worthless securities" that places them within the realm of 26 U.S.C. §6511(d)(1). This argument is unavailing. As stated by the United States Court of Appeals for the Third Circuit: "If [plaintiffs] had been in possession of facts that would have augmented their complaint and possibly avoided dismissal, they should have pled those facts in the first instance." *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 206 (affirming district court's decision to dismiss claims and denying leave to file an amended complaint). The same reasoning applies here. Plaintiffs amended their complaint twice already and should have included any information that could possibly avoid dismissal. The complaint, as amended, is entirely devoid of any claim of a bad debt or worthless security or that 26 U.S.C. §6511(d)(1) applies.

Even if plaintiffs' arguments are not waived, they are unfounded. The seven-year statute of limitations set forth in 26 U.S.C. §6511(d) does not apply. With respect to the injured spouse claim, Mrs. Ruscitto seeks to recover an amount based on the couple's 2003 income tax return. From the face of the Injured Spouse allocation Form 8379, Plaintiff seeks relief only from the

2003 tax year, not for the 2005 carryback loss to which she states 26 U.S.C. §6511(d) applies.

Assuming *arguendo* that plaintiffs' alternative argument was not waived, their contention that the statute of limitations under § 6511 did not begin to run until they had notice likewise fails. A plain reading of § 6511 illustrates it does not incorporate a notice requirement or provide for any equitable tolling to the established statutory periods. *United States v. Brockamp*, 519 U.S. 347, 352-53 (1997). Section 6511 provides that a

> claim for . . . refund . . . of any tax . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed . . . within 2 years from the time the tax was paid.

26 U.S.C. §6511(a). The United States Supreme Court has explained the administrative burden of applying equitable tolling to § 6511:

> To read an 'equitable tolling' exception into § 6511 could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for 'equitable tolling' which, upon close inspection, might turn out to lack sufficient equitable justification. . . . The nature and potential magnitude of the administrative problem suggest that Congress decided to pay the price of occasional unfairness in individual cases (penalizing a taxpayer whose claim is unavoidably delayed) in order to maintain a more workable tax enforcement system. <u>At the least it tells us that Congress would likely have wanted to decide explicitly whether, or just where and when, to expand the statute's limitation periods, rather than delegate to the courts a generalized power to do so wherever a court concludes that equity so requires</u>.

*Brockamp*, 519 U.S. at 352-53 (emphasis added). Therefore, plaintiffs' argument that notice was a requirement fails because notice is not necessary and equitable tolling does not apply to § 6511.

AND NOW, this 31st day of May, 2013,

IT IS ORDERED that defendant's motion to dismiss [ECF No. 55] is granted.

Magistrate Judge Mitchell's Supplemental Report and Recommendation [ECF No. 66] dated April 8, 2013 is adopted as the opinion of the Court, as modified and supplemented by this Memorandum Order.

/s/ Joy Flowers Conti  
JOY FLOWERS CONTI  
United States District Judge

cc: All attorneys of record via CM-ECF