IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS D. RUSCITTO and<br>CAROL A. RUSCITTO,<br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | Civil Action No. 11-824<br><br>Magistrate Judge Robert C. Mitchell/<br>Chief District Judge Joy Flowers Conti |

## MEMORANDUM ORDER

JOY FLOWERS CONTI, United States Chief District Judge.

On June 21, 2011, plaintiffs Louis D. Ruscitto and Carol A. Ruscitto ("plaintiffs") filed a complaint, later amended on September 14, 2011 and again on November 30, 2011. The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rules 72(C)(1) and 72(C)(2) of the Local Rules for Magistrate Judges.

On April 1, 2014, the magistrate judge filed a Report and Recommendation (the "R&R"), recommending that plaintiffs' motion for summary judgment [ECF No. 80] be denied and the motion for summary judgment [ECF No. 77] filed by defendant United States of America ("defendant") be granted. *See* Rep. and Rec. [ECF No. 101].

Service of the R&R was made on the parties. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rule of Court 72.D.2, they had fourteen (14) days to file any objections. On April 15, 2014, plaintiffs timely filed objections. [ECF No. 102]. On April 29, 2014, defendant filed a timely response to plaintiffs' objections. [ECF No. 103].

1

In their objections, plaintiffs raise three arguments alleging errors in the R&R, to which defendants responded. Specifically, plaintiffs object that 1) Louis Ruscitto did not act willfully in A&L, Inc.'s failure to remit payment of the payroll taxes; 2) Carol Ruscitto's income from discharge of indebtedness constitutes taxable income for purposes of calculating her share of the 2003 federal income refund; and 3) the government violated the IRS Policy Statement No. 5-14. *See* Obj. [ECF No. 102] at 1, 7.

First, plaintiffs' objection based upon the argument that Louis Ruscitto did not act willfully under 26 U.S.C. § 6672(a) is without merit and is overruled. The magistrate judge in the R&R properly recommended that, as a matter of law, Louis Ruscitto is responsible for the trust fund liability and willfully failed to pay the payroll tax. It is undisputed that Louis Ruscitto's company, A&L, Inc., failed to remit the payroll taxes while maintaining its operations and paying its other creditors and financial obligations. It is immaterial that A&L, Inc.'s surety company did not send it sufficient funds to cover its expenses. *See Bradshaw v. United States*, 83 F.3d 1175 (10th Cir. 1995); *Gustin v. United States*, 876 F.2d 485 (5th Cir. 1989); *Lee v. United States*, 951 F. Supp. 79 (W.D. Pa. 1997). As set forth in the Report and Recommendation, "[b]ecause Louis Ruscitto was a responsible person and willfully failed to pay the taxes, he was properly assessed with the trust fund penalty and cannot claim he is entitled to a refund in that amount." Rep. and Rec. [ECF No. 101] at 13. Accordingly, that objection is overruled.

Second, plaintiffs object to the magistrate judge's conclusion that, as a matter of law, Carol Ruscitto is not entitled to a tax refund for 2003. Plaintiffs point to certain "income" reported on her 2003 Form 1099-C that constitutes income for purposes of calculating Carol Ruscitto's share of the 2003 federal income refund. First and foremost, this argument was not

2

developed in plaintiffs' motion for summary judgment and brief in support, and is substantively raised for the first time in their objections, and is accordingly waived. *Bell v. City of Harrisburg*, 457 F. App'x 164, 167 (3d Cir. 2012) (issue waived when "merely raised" in briefing and not substantively raised prior to raising it as an objection to the magistrate judge's Report and Recommendation); *see Laborer's Int'l Union of North America v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994). Assuming *arguendo*, that plaintiffs had appropriately set forth this argument for disposition, it is without merit. Plaintiffs do not address the timeliness, and consequently this court's subject-matter jurisdiction over such a claim, or that she overpaid the tax on her purported income. Accordingly, this objection is overruled.

Lastly, plaintiffs object to the magistrate judge's conclusion that noncompliance with the Internal Revenue Manual "'does not render an action of the IRS invalid.'" Rep. and Rec. [ECF No. 101] at 17 (quoting *Matter of Carlson*, 126 F.3d 915, 922 (7th Cir. 1997), *cert. denied*, 523 U.S. 1060 (1998); *see In re Pransky*, 318 F.3d 536, 544 n.7 (3d Cir. 2003) (same); *Valen Mfg. Co. v. United States*, 90 F.3d 1190, 1194 (6th Cir. 1996) (same); *Groder v. United States*, 816 F.2d 139, 142 (4th Cir. 1987) (same); *Thomas v. United States*, Civil No 98-1488, 1998 WL 892617, at *5 (D.C. Ill. Sept. 16, 1998)). Instead of challenging this legal principle, plaintiffs set forth yet another IRS Policy Statement they deem the government violated in support of their objection to the magistrate judge's recommendations. Plaintiffs set forth this new policy statement for the first time in their objections, requiring a waiver of such argument. *Bell*, 457 F. App'x at 167. Even if they had properly brought the argument, it is without merit. Plaintiffs failed to refute the magistrate judge's conclusion that noncompliance with the Internal Revenue Manual does not invalidate an action of the IRS or confer rights on taxpayers to bring suit. *See id*. Accordingly, this objection is overruled.

After a *de novo* review of the pleadings and documents in this case, together with the R&R, the submissions of the parties, the objections to the R&R and the response thereto, the following order is entered:

AND NOW, this 30th day of May, 2014,

IT IS ORDERED that plaintiffs' motion for summary judgment [ECF No. 80] is DENIED and that defendant's motion for summary judgment [ECF No. 77] is GRANTED.

Magistrate Judge Mitchell's Report and Recommendation [ECF No. 101] dated April 1, 2014 is adopted as the Opinion of the Court, as supplemented by this Memorandum Order.

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
United States Chief District Judge

cc: All attorneys of record via CM-ECF