IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LOUIS D. RUSCITTO and )
CAROL A. RUSCITTO, )
)
      Plaintiffs, )
) Civil No. 11-824
    v. )
)
UNITED STATES OF AMERICA, )
)
      Defendant. )

## MEMORANDUM OPINION

On April 1, 2014, the magistrate judge to which this case was referred for pretrial proceedings filed a Report and Recommendation recommending that Plaintiffs Louis and Carol Ruscitto's (the "Ruscittos") motion for summary judgment be denied, and that the motion for summary judgment filed by defendant United States of America (the "United States") be granted. (ECF No. 101 (the "SJ R&R").) The Ruscittos timely filed objections to the R&R, to which the United States responded. (ECF Nos. 102-03.) On May 30, 2014, this court issued a memorandum opinion addressing each of the Ruscittos' objections, and adopting the SJ R&R. (ECF No. 104.) Judgment was thereafter entered in favor of the United States, and this case was closed. (ECF No. 105.)

Twenty-seven days later, the Ruscittos filed a motion to alter or amend the May 30th memorandum opinion. (ECF No. 106.) While their motion was pending, the Ruscittos filed a notice of appeal as to this court's decisions dismissing certain claims asserted by Mrs. Ruscitto, and granting the United States' motion for summary judgment. (ECF No. 109, appealing from ECF Nos. 70, 74, 104, and 105.) The Court of Appeals for the Third Circuit assigned a case number to that appeal, but immediately stayed the case until the instant motion to alter or amend

is decided. (ECF Nos. 110-11.) For the reasons set forth herein, the Ruscittos' motion is denied.

### A. Legal Standards

As an initial matter, the Ruscittos' motion to alter or amend seeks relief pursuant to Federal Rules of Civil Procedure 52(b), 59(e), 60(a), and 60(b). (ECF No. 107 at 2.) When the Ruscittos filed a motion to alter or amend this court's decision granting the United States' motion to dismiss certain claims asserted by Mrs. Ruscitto they sought relief under the same rules. (ECF No. 71.) In its decision disposing of that prior motion, this court included a lengthy explanation about why Rule 59(e) was the only rule under which the Ruscittos could seek reconsideration. (ECF No. 74 at 1 n.1.) Despite this detailed explanation, which applies equally to the instant motion to alter or amend, the Ruscittos again seek relief under the same inapplicable rules. For the same reasons set forth in this court's prior opinion, which will not be repeated here, the only rule under which the Ruscittos can seek reconsideration of this court's May 30, 2014 decision is Rule 59(e).

A motion to reconsider filed pursuant to Rule 59(e) is granted only if the movant demonstrates: 1) an intervening change in controlling law; 2) the availability of new evidence not previously available; or 3) the need to correct a clear error of law or prevent manifest injustice. Allah v. Ricci, 532 F.App'x 48, 51 (3d Cir. 2013) (citing Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991) (finding that a Rule 59(e) motion cannot be used by an "unsuccessful party to rehash" issues and arguments that have been ruled upon.)

2

A motion for reconsideration is not properly used to ask a district court to rethink a decision it, rightly or wrongly, has already made, or as a way to advance additional arguments that the litigant could have made sooner. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993) aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995). Instead, in order to be successful, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. Easley v. Cromartie, 532 U.S. 234, 242-43 (2001); United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003).

### B. Analysis

The Ruscittos seek reconsideration on the grounds that this court's May 30, 2014 decision relies on clearly erroneous findings of fact and conclusions of law, and misapplies its factual or legal conclusions. (ECF No. 107 at 2-3.) According to the Ruscittos, this court erred because: (1) Mr. Ruscitto did not act willfully under 26 U.S.C. § 6672(a); (2) with respect to the issue of Mrs. Ruscittos' tax refund, a) they did not waive the argument that Mrs. Ruscitto had taxable income, and b) the decisions cited in the May 30th opinion are distinguishable; and (3) with respect to the issue of the IRS's noncompliance with the Internal Revenue Manual, a) they did not waive their argument that the IRS violated its Policy Statement, and b) the decisions cited in the May 30th opinion are distinguishable. (Id. at 1-2, 3-9.) In opposition, the United States points out that a) the Ruscittos cite no authority to support positions that are contrary to this court's decision, b) their attempts to distinguish case law relied upon by the court either come too late or are redundant, and are insufficient, in any event, to justify relief under Rule 59(e), and c) the court did not base any of its decisions solely on waiver or any procedural default. (ECF No. 108 at 3-10.)

The court concludes that the Ruscittos are not entitled to relief pursuant to Rule 59(e). Each of the arguments made in the Ruscittos' motion to alter or amend is no more than a restatement of positions they took during briefing of the cross-motions for summary judgment and of the objections to the SJ R&R. These are matters ripe for appeal, but will not be considered a third time by this court.

1. **Alleged Error #1 – Mr. Ruscitto's Willfulness**

The SJ R&R addressed the applicable facts and law, and found that Mr. Ruscitto acted willfully under § 6672. (ECF No. 101 at 5-13.) The Ruscittos objected to this finding, and the court addressed the matter in its May 30th decision. (ECF Nos. 102 at 2-5 and 104 at 2.) In their motion to alter or amend, the Ruscittos assert the same argument that they advanced during summary judgment, i.e., that Mr. Ruscitto's hands were tied. (ECF No. 101 at 12 and 107 at 3.) A motion for reconsideration is not an opportunity to rehash arguments previously made. Keyes, 766 F.Supp. at 280. The Ruscittos also include a lengthy argument in their motion to alter or amend about why Lee v. United States, 951 F.Supp. 79 (W.D. Pa. 1997), on which the SJ R&R relied, is distinguishable. (ECF No. 107 at 3-4.) Notably, the Ruscittos' objections to the SJ R&R do not mention Lee. A motion for reconsideration is not an opportunity for a litigant to advance arguments that it could have made sooner. Williams, 32 F. Supp. 2d at 238.

The Ruscittos' first alleged error does not entitle them to relief under Rule 59(e).

2. **Alleged Error #2 – Mrs. Ruscitto's Refund**

The SJ R&R concluded that Mrs. Ruscitto was not entitled to recover some or all of the overpayment of the 2003 income tax because she failed to meet her burden to prove that the IRS assessment was incorrect, or that she contributed to the overpayment. (ECF No. 101 at 13-16.) Specially, the SJ R&R indicated that the Ruscittos failed to provide any legal analysis or authority to support their assertion that amounts reflected on a Form 1099-C are appropriately

4

characterized as income, and that there was no evidence in the record to support the assertion that Mrs. Ruscitto had $25,000 from "other earnings." (Id. at 16.) The Ruscittos objected to the SJ R&R's refusal to consider the income reported on Mrs. Ruscitto's Form 1099-C's as income, but did not address the lack of evidentiary support in the record for the $25,000 from "other earnings." (ECF No. 102 at 5-6.) In its May 30, 2014 decision, this court found that the Ruscittos' arguments with respect to the Form 1099-C income had been waived, but concluded that even were it not for this procedural deficiency, the argument would be without merit because the Ruscittos failed to address timeliness, which is jurisdictional, and to establish that Mrs. Ruscitto made an overpayment of taxes. (ECF No. 104 at 2-3.)

In their motion to alter or amend, the Ruscittos allege that the United States conceded that Mrs. Ruscitto earned taxable income in 2003, and that the magistrate judge previously held that any claim for a tax refund was timely. (ECF No. 107 at 4-5.) The Ruscittos also attempt to distinguish two decisions cited in the May 30, 2014 opinion on the issue of waiver. (Id. 6-7.) As the United States correctly points out, this court's decision with respect to Mrs. Ruscitto's refund was not based on waiver alone. (ECF No. 108 at 6-8.) Instead, this court ruled in favor of the United States because the Ruscittos' failed to carry their burden, at summary judgment, to prove a) that Form 1099-C qualified as income, b) the source of the $25,000 in "other earnings," and c) that, even if Mrs. Ruscitto had income, that she made an overpayment of taxes, among other things. (ECF Nos. 101 at 13-16 and 104 at 2-3.) These legal and evidentiary deficiencies defeat the Ruscittos' refund claim even without reference to any procedural default, making the Ruscittos' arguments in support of their motion to alter or amend inapposite.

The Ruscittos' second alleged error does not entitle them to relief under Rule 59(e).

### 3. Alleged Error #3 – Noncompliance with the IRS Manual

The SJ R&R rejected the Ruscittos' contention that Mr. Ruscitto's penalty was excessive because the government misapplied and misconstrued certain provisions of the Internal Revenue Manual. (ECF No. 101 at 16-17.) The SJ R&R cited various decisions for the proposition that noncompliance with the Internal Revenue Manual does not invalidate the IRS's actions, or confer rights on taxpayers. (Id.) The Ruscittos' only objection to this portion of the SJ R&R was that the IRS had violated not only the Internal Revenue Manual, but also an IRS Policy Statement. (ECF No. 102 at 6-7.) This court found that the Ruscittos' argument based on the late-identified Policy Statement had been waived, and that, in any event, the SJ R&R on this issue would not be disturbed because the Ruscittos "failed to refute the magistrate judge's conclusion that noncompliance with the Internal Revenue Manual does not invalidate an action of the IRS or confer rights on taxpayers to bring suit." (ECF No. 104 at 3.)

In their motion to alter or amend, the Ruscittos argue that their objection to the IRS's violation of its own Policy Statement was not waived because it had been previously raised in this case. (ECF No. 107 at 7.) The Ruscittos include no citation to the record of these proceedings indicating when they previously raised the IRS's violation of the Policy Statement. This argument can be rejected. This court's decision on the noncompliance issue was not based on waiver, but on the Ruscittos' failure to contradict the magistrate judge's legal conclusion that violation of an IRS Manual or Policy Statement did not give rise to a private right of action or invalidate the IRS's action. (ECF No. 104 at 3.) The Ruscittos did not make any such an argument in their objections to the SJ R&R, and their motion to alter or amend does no more than point out that one of the five decisions cited by the magistrate judge is from the Court of Appeals for the Seventh Circuit, and attempt to distinguish the only decision cited from the Court of Appeals from the Third Circuit. (ECF No. 107 at 8.) The Ruscittos identify no case, from any

court, that contradicts the authority cited in the SJ R&R. Under these circumstances, the Ruscittos cannot meet their burden under Rule 59(e) to prove that a clear error of law occurred.

The Ruscittos' third alleged error does not entitle them to relief under Rule 59(e).

### C. Conclusion

For the reasons set forth above, the Ruscittos cannot establish that they are entitled to relief pursuant to Rule 59(e), and their motion to alter or amend is denied. An appropriate order will be entered contemporaneously with this opinion.

August 12, 2014						BY THE COURT,

						/s/ *Joy Flowers Conti*
						Joy Flowers Conti
						Chief United States District Judge